FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 26 2009

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

# IN UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

DENA WENZLER

PLAINTIFF

v.          Case No. 4:09-CV-465 GTE

CITY OF SHERWOOD,
ARKANSAS

DEFENDANT

## COMPLAINT

Plaintiff, Dena Wenzler, by and through counsel, the Koch Law Firm, for her Complaint,

states:

This case assigned to District Judge Eisele
and to Magistrate Judge Cavaneau

### PARTIES AND JURISDICTION

1.      This is an action to secure a remedy for damages to an employee under the Family

Medical Leave Act of 1993 (hereinafter "FMLA").

2.      Plaintiff is a female resident of Pulaski County, Arkansas, and she was employed

by Defendant in Pulaski County; this lawsuit arises from that employment relationship, and the

events giving rise to this lawsuit occurred in Pulaski County, Arkansas.

3.      Defendant City of Sherwood (hereinafter "Defendant" or "Management" or

"Employer") is a municipal corporation, organized and existing under the laws of the State of

Arkansas, located in Pulaski County, Arkansas.

4.      This Court has subject matter jurisdiction over Plaintiff's FMLA claim pursuant

to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  This Court also has personal jurisdiction over

the parties, and venue is proper under 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS OF FACT

5.      Plaintiff was employed by Defendant in August 2000 as a part-time employee,

and was then promoted to a full-time employee in approximately November 2000.  She remained

1

a fulltime employee of Defendant until approximately August 20, 2008; Plaintiff worked for Defendant for more than 12 months prior to her separation on August 20, 2008, and she worked more than 1250 hours in the twelve months preceding her separation from employment. Therefore, Plaintiff was an eligible employee as defined by the FMLA.

6.      Defendant was at all times relevant to this action—and for each calendar week in the twelve months prior to Plaintiff's separation from Defendant—an employer with more than 50 employees within 75 miles of Plaintiff's worksite in Sherwood, Arkansas; therefore, Defendant was at all times relevant to this action an employer controlled by the FMLA.

7.      Plaintiff was at all times during her employment a satisfactory employee.

8.      On or about August 14, 2008, Plaintiff had a non-work-related accident that resulted in her hand being broken; Plaintiff went to a local hospital emergency room for treatment and was ultimately scheduled to see a doctor the next morning. On August 15, 2008, Plaintiff arrived at her worksite and contacted Management to inform them of the situation and that she would be seeing a doctor later that morning, and therefore would not be remaining at work.

9.      On August 15, 2009, Plaintiff saw the doctor, who advised her that she would probably need surgery on her hand, but that no final determination could be made until the swelling went down, which was likely to take several days. The doctor advised her that she could return to work if she was not in too much pain and if her duties were limited to actions only requiring one hand. The doctor also prescribed pain medication that cautioned against driving or other similar tasks while using the medication. She was scheduled to see the doctor again in several days (after the swelling went down) to determine whether surgery was needed.

2

10.     After her doctor visit on the morning of August 15, 2009, Plaintiff provided Management with a note from the doctor and—because she was in pain and taking pain medication—she informed management that she was planning to take off work until her next appointment (which was scheduled for Wednesday, August 20, 2009) or until her conditioned improved sufficient for her to work without pain.   Plaintiff had sufficient compensatory and personal time available to her, and she informed Management that she would arrange for someone to cover her shift and perform her duties until her return to work.

11.     Plaintiff had several contacts with Management and coworkers between Friday, August 15 and Wednesday, August 20, and she kept Management updated on the situation.  On Sunday, August 17, 2009, at the request of Management, Plaintiff actually came in and worked for three hours in the evening to handle some necessary administrative tasks, even though she was still in a great deal of pain (and taking medicine to relieve the pain).

12.     On Wednesday, August 20, 2009, Plaintiff had her next doctor appointment and the doctor informed Plaintiff that she did need immediate surgery; the surgery was scheduled for the next day, Thursday, August 21, 2009.   Plaintiff contacted Management and informed them of her scheduled surgery and told them that she would let them know late Thursday or on Friday when she was expected to return to work.

13.     On Thursday, August 21, 2009, Plaintiff did have surgery on her hand and—after her surgery—Plaintiff contacted Management and informed them that she would be able to return to work on Friday, August 28, 2009.

14.     During these days, Plaintiff was under a doctor's care and was taking prescription pain medication for a serious physical injury.

15.    On Friday, August 22, 2009, Plaintiff received in the mail a letter from Management dated Wednesday, August 20, 2009, terminating Plaintiff's employment as of August 20, 2008.

16.    Plaintiff's leave was FMLA-qualifying leave.

17.    The only reason cited by Defendant for Plaintiff's termination was related to her FMLA-qualifying leave.

18.    Defendant's acts and omissions, as stated herein, interfered with Plaintiff's rights under the FMLA.

19.    Defendant acted in bad faith and maliciously terminated Plaintiff in retaliation for taking FMLA-qualifying leave.

## CAUSATION AND REMEDIES

20.    As a direct and proximate cause of Defendant's acts and omissions as alleged herein, Plaintiff has suffered wage loss, loss of fringe benefits, and other compensatory damages; also, Plaintiff has incurred expenses that she would not have otherwise incurred in such amounts to be proved at trial.

## JURY TRIAL DEMANDED

21.    Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendant as follows:

(a)    that Defendant intentionally, and with malicious or reckless indifference to her rights under federal and state law, interfered with Plaintiff's rights under the FMLA;

(b)    that Plaintiff be awarded compensatory damages in an amount to be determined by a jury;

(b)    that Defendant acted in bad faith;

4

(c)     that Plaintiff be awarded liquidated damages;

(d)     that Plaintiff be awarded reasonable attorney fees and costs of litigation;

(e)     that Plaintiff be awarded pre-judgment interest;

(f)     that Plaintiff be awarded front pay;

(g)     that Plaintiff be awarded injunctive and declaratory relief, including reinstatement
to her job, and

(h)     that Plaintiff be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

Koch Law Firm
2024 Arkansas Valley Drive, Suite 707
Little Rock, Arkansas 72212
(501) 223-5310 office
(501) 223-5311 facsimile
reggie@reggiekoch.com


By: _____
        Reggie Koch, Ark. Bar #2005125

5